# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO FARAH PARTNERS, L.P., d/b/a Holiday Inn Express San Diego Downtown,<br><br>Defendant. | CASE NO. 20cv358-LAB (BGS)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Peter Strojnik, proceeding *pro se*, filed this suit under the Americans with Disabilities Act ("ADA"), alleging that the conditions at Defendant's San Diego hotel violate various provisions of that statute.[1] According to his Complaint, Strojnik, an individual who "walks with difficulty and pain," stayed at Defendant's hotel on January 24 and 25, 2020, and encountered "numerous accessibility barriers" during his stay. *See* Complaint, Dkt. 1, at 2-3. Attached to his Complaint is an addendum that serves as a catalog of these purported barriers, along with grainy, black-and-white photos of each barrier. A couple examples are illustrative. For example, he attaches a photograph of what appears a door along with the caption, "wrong hardware." *Id.* at 9. Another photo—also of a door—is captioned "improper hardware." *Id.* Other photographs of doors are captioned "4s to close"

---

[1] Strojnik also alleges violations of California's Unruh Act. These claims rise and fall with the ADA claims, so the state law claims aren't addressed here.

- 1 -

or "over 20 lbs to open", presumably in reference to the length of time the door remains open or the force required to open the door. *Id.* at 9-10. Other, non-door-related violations include an "improperly configured pool shower" and an "inaccessible dining area." *Id.* at 10.

Despite its laundry list of purported ADA violations, Strojnik's Complaint is silent as to how the barriers affected him personally. It is not enough for an ADA litigant to inspect a property and identify potential violations—he must specifically plead "*how* his disability was affected by [the barriers] so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (emphasis added). Strojnik, a litigant who has filed roughly 20 ADA suits in this district over the past year, is well aware that a "list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact." *Id.*

Apart from the vague assertion that these barriers "impair [his] full and equal access to the hotel," Strojnik's Complaint does not plead any facts regarding how *specifically* these barriers affected his ability to access the hotel's facilities. *See* Compl. at 2. As such, he has not shown he suffered injury-in-fact. Strojnik's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of Article III standing. He may file an amended complaint correcting these deficiencies by **April 6, 2020**.

**IT IS SO ORDERED**.

Dated: March 2, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge