UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO FARAH PARTNERS, L.P.<br><br>Defendant. | Case No.:  20cv358-LAB (BGS)<br><br>**ORDER DISMISSING CLAIMS WITHOUT PREJUDICE; AND**<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION** |

Plaintiff Peter Strojnik, Sr. filed his *pro se* complaint[1] bringing claims under the Americans with Disabilities Act (ADA) and supplemental state law claims. Strojnik claims that accessibility barriers at the Holiday Inn Express in Downtown

---

[1] Although Strojnik is proceeding *pro se*, it is clear he is very familiar with ADA litigation, including Article III standing. Strojnik is a former lawyer whose practice included ADA litigation. Before being disbarred in connection with the hundreds of disability-related cases he filed for clients, he began filing similar cases on his own behalf. *See Strojnik v. HPTRI Corp.*, 2020 WL 6827765, slip op. at *2 (D. Ariz. Nov. 20, 2020) These have repeatedly been dismissed for lack of standing. *Id.* (collecting cases). *See also Strojnik v. Driftwood Hospitality Mgt. LLC*, 2021 WL 50456, slip op. at *8–9 (D. Ariz., Jan. 6, 2021) (taking judicial notice of Strojnik's disbarment and pattern of litigation).

San Diego prevent him from full access and enjoyment of the hotel. Strojnik's original complaint was entirely conclusory, and the claimed ADA violations were documented only in grainy photographs with vague captions. While the captions made clear Strojnik thought the photograph depicted an ADA violation, they did not say what it was, or where in the hotel the facilities were.[2] The Court screened and dismissed the complaint without prejudice for failure to invoke the Court's jurisdiction — specifically, for failure to plead facts showing an injury-in-fact necessary for Article III standing.

Strojnik then filed his first amended complaint ("FAC"). Defendant filed a motion to dismiss for lack of standing and failure to state a claim, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and 28 U.S.C. § 1367.

**Legal Standards**

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

---

[2] Some of the photographs depict a bathroom and shower, or doors in unidentified locations. Strojnik has no standing to challenge ADA violations in areas of the hotel that are not open to the public, or places he would not go. For example, Strojnik did not allege that the shower was in a handicap-accessible guest room, or that the doors were in places where hotel guests could use them. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (holding that those portions of a facility not open to the public are not subject to Title III of the ADA).

The Court need not accept legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

In its Rule 12(b)(1) motion, Defendant challenges standing — specifically, the injury-in-fact and redressibility elements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (discussing injury-in-fact, causation, and redressibility elements of standing). "Because standing . . . pertain[s] to federal courts' subject matter jurisdiction, [it is] properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Jurisdiction is presumed to be lacking, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and the party invoking the Court's jurisdiction (here, Strojnik) must establish it. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. Defendant's attack is facial. However, the Court is required to raise and consider jurisdictional issues such as standing, *sua sponte* if necessary. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). In other words, even if Defendant has failed to point out a jurisdictional flaw, the Court is required to take it up and consider it.

Injunctive relief is the sole remedy available to private plaintiffs under Title III of the ADA. *Antoninetti v. Chipotle Mexican Grill,* Inc., 643 F.3d 1165, 1174 (9th Cir. 2010). If the Court lacks jurisdiction to award injunctive relief, it cannot exercise supplemental jurisdiction over Strojnik's state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

/ / /

An ADA plaintiff can establish standing either by demonstrating deterrence, or by demonstrating injury in fact with an intent to return to the noncompliant facility. *See Chapman* 631 F.3d at 944. Intent to return must show that it is likely, rather than speculative, that a favorable decision will provide meaningful relief. *See Lujan*, 504 U.S. at 564 ("[S]ome day" intentions — without any description of concrete plans, or indeed any specification of *when* the some day will be — do not support a finding of the 'actual or imminent' injury that our cases require.")

**Discussion**

    **Allegations**

The original complaint and FAC are so completely different that it is clear they do not refer to the same hotel or events, or even the same disabilities. Originally, Strojnik said he stayed at a hotel located at 435 6th Avenue in San Diego,[3] and attached grainy photographs showing passenger drop-off zones, various unidentified doors, the pool, the lobby bar and dining area, and a guest room bathroom that he concluded were not ADA-compliant. Strojnik alleged that his disabilities stemmed from a "severe right-sided neural foraminal stenosis," prostate cancer, renal cancer, and his prosthetic knee. (Compl., ¶ 3.) The only disability he identified was that he walked with difficulty, resulting in his need for "mobility accessible features." (*Id*., ¶ 4.)

The FAC alleges that Defendant's hotel, the Holiday Inn Express, is located at 1430 7th Avenue in San Diego, and that Strojnik never stayed there. Rather, he alleges that he stayed at a different hotel, but because it was not ADA-compliant he inspected the Holiday Inn Express. He alleges that he found the Holiday Inn Express non-compliant as well, but alleges he will stay there as soon as it becomes

---

[3] This address is located in downtown San Diego's Gaslamp Quarter. Defendant contends that this is the Hotel Solamar, and local directory information confirms this.

compliant. He identifies himself as a frequent visitor to San Diego, and says he has stayed at other hotels in San Diego.

The first barrier that Strojnik says he encountered was on a hotel booking website which he alleges did not provide enough information for him to determine whether the hotel was accessible. He does not allege what was missing from the website, however, or even whether it was Defendant's website. Strojnik also alleges he encountered twelve barriers while he was at the hotel. His allegations are in the form of a chart with different grainy photographs and vague labels.

Notably, some of Strojnik's allegations concern hotel features he has not alleged any need for, or intent to use. For example, he says there is "no marked passenger drop off zone," without alleging that he needs to be dropped off, or to drop anyone else off, or that it has any other effect on him. He also points to supposedly noncompliant features in a guest laundry room, without alleging any reasonable likelihood that he would be doing his own laundry or cleaning things in the laundry room sink.

The FAC also expands on Strojnik's disabilities, identifying six health conditions, and for the first time alleging that he has "impairment of elbows and wrists to reach and twist." (FAC, ¶ 3.) He also includes a chart identifying major life activities affected by the various conditions he has. (*Id.*, ¶ 6.) Most of these are irrelevant to his claims, however. The only functions or activities that appear relevant to his hotel stay are the general allegations about difficulty walking, standing, reaching, and "performing manual tasks" — though it is not clear what kinds of manual tasks he cannot perform. Although Strojnik says he needs facilities that are compliant both for wheelchair and ambulatory access (FAC, § 16), neither the FAC nor the original complaint alleged whether Strojnik uses a wheelchair, or whether he is likely to in the future. Some of the identified violations (*e.g.*, improper handrails on staircases) would be unimportant to a person who routinely uses a wheelchair, while others (*e.g.*, exposed plumbing under a restroom sink) would be

likely to affect only a person in a wheelchair. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 727 (9th Cir. 2007) (noting allegation that exposed hot water pipe under a sink posed a burn risk for the plaintiff, who used a wheelchair). This is not the first time Strojnik's need for wheelchair-accessible accommodations has been questioned. *See Strojnik v. HPTRI Corp.*, 2020 WL 6827765, slip op. at *3 (D. Ariz., Nov. 20, 2020) (citing *Strojnik v. Village 1017 Coronado, Inc.,* 2020 WL 3250608, slip op. at *4 (S.D.Cal. June 16, 2020)) (noting the absence of any allegations regarding Strojnik's need to use a wheelchair when he visited the hotel in question, or how frequently he uses a wheelchair).

The FAC refers to two documents it says are attached, but aren't: Dr. Lee's 8/1/18 Report," and Appendix A. No such documents have been filed in this case.

**Defendant's Motion**

Defendant moves to dismiss for failure to state a claim, and failure to establish standing by pleading facts showing both injury-in-fact and redressibility. As an initial matter, it is clear the FAC cannot remain as the operative pleading. Defendant's motion describes it as a "copy/paste job gone wrong," which is a fair description. Among other things, a pleading must be legible and understandable. It must also stand on its own, without the need for the opposing party or the Court to piece together what Strojnik probably means. Strojnik is capable of pleading claims, and there is no reason to excuse him from doing so in this case.

The pictures are captioned with vague descriptions as before, and only a few of the locations are identified. While Strojnik is free to include his own opinions about whether the hotel facilities violate the ADA, he is required to plead facts, not merely his own legal conclusions. For example, whether a route is sufficiently wide to satisfy ADA regulations, a cross slope is "excessive" within the meaning of the regulations, door hardware is "improperly configured," and the lobby bar is "inaccessible" are all conclusions. Including a photograph — and particularly, a grainy one where no ADA violation is obvious — is not an adequate substitute for

allegations. Plaintiffs must plead their own injuries-in-fact, not ask the Court or opposing counsel to do it for them. *See Strojnik v. HPTRI Corp.*, 2020 WL 6827765 at *2 (finding similar "grainy photos of areas of Defendants' hotel" coupled with conclusory allegations failed to meet ordinary pleading standards).

As Strojnik has been told before, he must also plead facts showing that an alleged ADA violation affects him because of his disability. The fact that it could affect some other disabled person does not afford him Article III standing. It is not enough for an ADA litigant to inspect a property and identify potential violations — he must specifically plead "how his disability was affected by [the barriers] so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman* 631 F.3d at 954. Strojnik is aware that a "list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact." *Id*.

The FAC's allegations regarding Strojnik's intent to stay at the hotel in the future are vague at best. Coupled with his other allegations, they are implausible. He alleges that he has traveled from his home in Arizona all over Southern California, staying in or very near San Diego at least five times in recent years. (FAC, ¶ 13.) He mentions no particular plans to visit San Diego or to stay at the Holiday Inn Express, other than to say he will stay there as soon as he knows it is "fully" ADA-compliant. Given that at least some of the barriers he identifies appear to have no relationship to his disability, this seems to mean his eventual stay in the hotel depends on whether barriers he has no standing to challenge are removed. This is underscored by his request for injunctive relief to render the hotel "readily accessible to and usable by ALL individuals with disabilities . . . ." (Count 1 Prayer for Relief, ¶ C (Docket no. 4 at 14:11–13).)

Furthermore, even though Strojnik alleges that he inspected the hotel, it is evident he is unfamiliar with it and has trouble recognizing the barriers he alleges are deterring him from returning. His entire original complaint identified the wrong

hotel, and he claimed that barriers present in the other hotel were deterring him from staying at the Holiday Inn Express. In addition, on his trips to San Diego, he has stayed in other hotels. Except for the hotel he stayed in on January 24–25, 2020, he does not mention any reason why he would not return to any of them. In addition, he gives San Diego's attractions as his reason for wanting to return to San Diego and to stay in the hotel. But the hotel is in the Cortez Hill neighborhood, an area that is not particularly convenient to tourist attractions.[4] His muddled allegations do not meet his burden of plausibly alleging facts showing it is likely, rather than merely speculative, that an injunction would redress his claimed injury.

In similar cases, the Ninth Circuit has found vague allegations of intent to return and patronize a business inadequate to show redressibility under *Lujan*. *See Feezor v. Sears, Roebuck & Co.*, 608 Fed. App'x. 476, 477 (9th Cir. 2015). *See also Rocca v. Den 109 LP*, 684 Fed. App'x. 667, 669 n.3 (9th Cir. 2017) (affirming district court's finding that plaintiff's intent to return was implausible, in part because of his failure to provide "detailed reasons" for a long distance visit, such as a regular or permanent reason to return); *Kalani v. Starbucks Coffee Co.*, 698 Fed. App'x. 883 886 (9th Cir. 2017) (citing evidence showing ongoing reasons to visit the area and patronize the business in question).

In short, Strojnik's bare and implausible allegation that he will return at some indeterminate time in the future is insufficient to show redressibility.

**Supplemental Jurisdiction**

Defendant has asked the Court to decline supplemental jurisdiction under 28 U.S.C. § 1367. The FAC brings three state law claims, one for violations of

---

[4] Cortez Hill is a primarily residential area bounded on two sides by multi-lane highways. While attractions such as Balboa Park and the San Diego zoo are nearby, as the crow flies, they are inaccessible by car. The neighborhood is characterized by steep hills and sloping sidewalks and driveways. While several hotels are located in the neighborhood, it seems an unlikely choice for Strojnik.

California's Unruh Civil Rights Act, one for violations of California's Disabled Persons Act, and one for negligence. As a remedy for his Unruh Act claims, he seeks relief duplicating his federal relief (other than attorney's fees) <u>plus</u> statutory damages of at least $4,000 per encounter with a barrier, plus treble damages. As a remedy for his Disabled Persons Act claim, he seeks seeks relief duplicating his federal relief (other than attorney's fees), <u>plus</u> an additional $1,000 per barrier encountered, plus treble damages, plus an injunction ordering the entire hotel closed until it is fully compliant with California's Disabled Persons Act. For his negligence claim, he seeks compensatory and punitive damages.

In short, Strojnik's ADA claim is almost entirely subsumed within his state law claims, which seek not only injunctive relief but also closure of the entire hotel, plus several hundred thousands of dollars in damages. His state law claims easily dwarf his federal claim. Moreover, this is the second time his federal claim has been dismissed for lack of jurisdiction, and it is hanging by a thread. Declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) is appropriate. *See Jackson v. 14856 Magnolia Blvd. Real Estate LLC*, 2020 WL 4342259, slip op. at *3 (C.D. Cal., June 3, 2020) (holding that state law claim, seeking $4,000 in damages, was the focus of the lawsuit, and substantially predominated over his ADA claim).

**Conclusion and Order**

Plaintiff has failed to plausibly state a claim under either federal or state law. He also fails to plead facts showing injury-in-fact or redressibility. In light of COVID-19 related travel restrictions, Strojnik's future travel plans are even more questionable than they would otherwise be.

Because Strojnik has failed to plead facts sufficient to state a claim or to establish jurisdiction over his ADA claim, the FAC is **DISMISSED WITHOUT PREJUDICE**. No later than **March 22, 2021**, Strojnik may file a second amended complaint that remedies the defects specified in this order.

Strojnik must also show when he intends to visit San Diego next, and when (assuming all barriers related to his disability are removed) he will stay at the Holiday Inn Express. He may either attach evidence (such as a declaration or affidavit) to his amended complaint, or he may file a separate brief concurrently with his amended complaint, addressing the issue and providing evidence. *See Johnson v. Mitchell*, 2012 WL 2446098 (E.D. Cal., June 26, 2012) (ordering parties to file briefing and evidence to enable the court to examine its own jurisdiction).

The Court declines to exercise jurisdiction over Strojnik's supplemental state law claims, and they are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 1, 2021

*[signature]*
Honorable Larry Alan Burns
United States District Judge